IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

JOSEPH H. FLEISCHLI                                                          PETITIONER
Reg. # 12489-026

VS.                              NO. 2:09CV00137-WRW-BD

T.C. OUTLAW, Warden,
Federal Correctional Complex,
Forrest City, Arkansas                                                       RESPONDENT

PARTIAL RECOMMENDED DISPOSITION

I.  **Procedure for Filing Objections**

The following recommended disposition has been sent to United States District Judge William R. Wilson, Jr.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommended Disposition.  A copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Introduction**

Joseph H. Fleischli, an inmate at the Federal Correctional Complex in Forrest City, Arkansas, brings his Petition under 28 U.S.C. § 2241, challenging the Bureau of Prisons ("BOP") Inmate Skills Development Plan that lists him as having "2 or more violent convictions." (Docket entry #1 at p. 2)  Respondent filed a response (# 18), to which Petitioner replied (# 20).  For the reasons that follow, the Court recommends that the District court dismiss the petition.

**III.    Facts**

Petitioner is serving a 120-month prison sentence, followed by three years of supervised release, for six weapons convictions arising out of the United States District Court for the Central District of Illinois.  See *United States v. Fleischli*, 305 F.3d 643 (7th Cir. 2002), cert. denied, 538 U.S. 1001 (2003).

On July 29, 2009, the BOP completed an Inmate Skills Development Plan ("the Plan") for Plaintiff (#18, Attachment A to Exhibit 1).  The Plan shows a projected release date of May 13, 2010, and scheduled placement in a Residential Release Center on December 15, 2009.

**IV      Analysis**

A.      *Exhaustion of Administrative Remedies*

Respondent first argues that Petitioner failed to exhaust his administrative remedies regarding the Plan.  Prisoners generally are required to exhaust their

administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241.  See *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000).  However, exhaustion is not required if it would be futile.  *Thurman v. Sanders*, No. 2:06CV00114-SWW-HDY, 2006 WL 2372493 at *2 (E.D. Ark. Aug. 14, 2006) (citing *Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004)).

Under 28 C.F.R. § 542.13(a), an inmate aggrieved by an action of the BOP must first present the issue informally to staff.  If he or she is dissatisfied with the result of the informal process, the inmate may then pursue a three-step formal grievance process.  In the formal process, the prisoner appeals to the Warden, then to the Regional Director, and last, to the Office of General Counsel.  The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step.  See *Thurman*, 2006 WL 2372493 at *2.

Regarding his failure to exhaust, Petitioner argues that because his projected release date is May 13, 2010, it would be futile for him to attempt to exhaust his administrative remedies because his claim would be moot before he completes the grievance process.  The Court finds that Petitioner has not exhausted his administrative remedies; however, because of the time limitations involved with Petitioner's claim, the grievance process would be futile, and a discussion of the merits is warranted.  See *Lueth v. Beach*, 498 F.3d 795, 797 n. 3 (8th Cir. 2007), cert. denied, 128 S.Ct. 927 (2008)

(addressing merits of federal prisoner's claims despite alleged failure to exhaust administrative remedies because the "exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional").

B.    *Ripeness*

The ripeness doctrine limits federal courts from considering issues prematurely, particularly where a court decision has the potential to interfere with the policies of government agencies.  As a general rule, a dispute is not ripe where it depends upon events that may not occur as anticipated or may not occur at all.  *Minnesota Public Utilities Comm'n v. Fed. Communications Comm'n*, 483 F.3d 570, 582-83 (8th Cir. 2007).  In other words, a case is not ripe if there is no showing that the injury is "direct, immediate, or certain to occur."  *Public Water Supply District No. 10 of Cass County, Mo. v. City of Peculiar, Mo.*, 345 F.3d 570, 573 (8th Cir. 2003).

In his petition, Petitioner is challenging a phrase in the Plan that states Petitioner has a "significant history of violence: 2 or more violent convictions."  (#20 at p. 2) Petitioner claims that this inaccurate statement in the Plan will affect a "condition of confinement," because the Plan "will significantly impact" his "programming opportunities" during the remainder of his confinement.  (#20 at p. 3, 5)  Petitioner also claims the Plan will be used by the Residential Release Center to make "programming decisions regarding the petitioner, including eligibility for home confinement consideration, furlough opportunities and job placement eligibility."  (#20 at p. 3)

4

This claim is not ripe for review. Petitioner claims that the statement he objects to in the Plan "*will* adversely affect his programming opportunities" (#20 at p. 5, emphasis added), but he does not claim any current injury and has not established that direct or immediate injury is certain or even likely to occur. Even though Petitioner's claim appears unripe for review, because Petitioner's expected release is only months away, the Court will discuss the merits of the claim.

C.   *Due Process*

In order to obtain relief under 28 U.S.C. § 2241, Petitioner must allege and demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The only constitutional argument raised by the Petitioner is a violation of due process. To support this claim, Petitioner must establish an infringement of a protected liberty interest. *Ragan v. Lynch*, 113 F.3d 875, 876 (8th Cir.1997) (citations omitted). To establish the existence of a liberty interest, a prisoner must show that he has been subjected to an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life," or that the government's action "will inevitably affect the duration of his sentence." See *Sandin v. Conner*, 515 U.S. 472, 484, 487, 115 S.Ct. 2293 (1995).

Petitioner claims he has a "protected liberty interest in the accuracy of records prepared by and utilized by the Bureau of Prisons pertaining to him." Petitioner has not, however, met his burden of establishing that the allegedly inaccurate records he points to

have or will cause an atypical and significant hardship to him or that the records will in any way affect the duration of his sentence.  Consequently, Petitioner's due process claim fails.  See *Sandin*, 515 U.S. at 487 (inmate seeking to expunge erroneous information from his file under the due process clause was denied relief because he did not show that the false information would inevitably lengthen the duration of his incarceration even though the information may have had an adverse effect on his chance for parole); *Meachum v. Fano*, 427 U.S. 215, 229, n.8, 96 S.Ct. 2532 (1976) (court declined relief even though petitioner's transfer record might affect his future confinement and possibility of parole); *Moody v. Daggett*, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274 (1976) (the Supreme Court expressly rejected a claim that "prisoner classification and eligibility for rehabilitative programs in the federal system" implicate due process protections noting that under 18 U.S.C. § 4081, Congress gave federal prison officials full discretion to control conditions of confinement).

Moreover, the Court has reviewed the records Petitioner claims are inaccurate and concludes they are accurate under current BOP policies.  The Plan document correctly characterizes Petitioner as having "2 or more violent convictions" as defined under program statement 5162.05, because Petitioner is currently serving time for possession of a machine gun in violation of 18 U.S.C. § 922(o), possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1), illegal manufacture of a machine gun in violation of 26 U.S.C. § 5861(f), and possession of unregistered explosive devices in violation of 26

U.S.C. § 5861(d).  Under Program Statement 5162.05, the BOP categorizes these convictions as "Criminal Offenses That are Crimes of Violence in All Cases."[1] (#18-5 at pp. 3-7)

V.      **Conclusion**

For the reasons set forth above, the Court recommends that the District Court dismiss Petitioner Joseph H. Fleischli's petition for writ of habeas corpus (#1) with prejudice.

DATED this 1st day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Lopez v. Davis*, 531 U.S. 230, 121 S.Ct. 714 (2001), the Supreme Court held that 28 C.F.R. § 550.58(a)(1)(vi)(B), a regulation declaring an inmate convicted of a felony firearm possession offense ineligible for reduction of his sentence, a reasonable exercise of the BOP's statutory discretion because public safety was the basis for the BOP's exclusion of firearm offenders. *Lopez*, 531 U.S. at 244.

At the same time it adopted 28 C.F.R. § 550.58, the BOP published Program Statement 5162.04 (Oct. 9, 1997), the predecessor to 5162.05 referenced above.  In *Gatewood v. Outlaw*, 560 F.3d 843, 846 (8th Cir. 2009), the Eighth Circuit held that BOP Program Statement 5162.04, which excludes from early release "not only those convicted of violent offenses, but also those whose offenses, either by inherent nature or by the manner in which they were committed, demonstrated a potential for violent behavior that made the inmate unsuitable for early release on public safety grounds,"is not arbitrary and capricious in violation of the Administrative Procedures Act. *Gatewood*, 560 F.3d at 848.